Jeremy J. Nork, Esq. (SBN 4017)
jnork@hollandhart.com
Frank Z. LaForge (SBN 12246)
fzlaforge@hollandhart.com
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone (775) 327-3000
Facsimile  (775) 786-6179

Attorneys for Plaintiff Eagle SPE NV I, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EAGLE SPE NV I, INC., a North Carolina corporation,<br><br>                Plaintiff,<br><br>        v.<br><br>KILEY RANCH COMMUNITIES, a Nevada corporation, MATTHEW N. KILEY, MATTHEW N. KILEY and L. DAVID KILEY, Trustees of the MATTHEW N. KILEY TRUST dated April 1, 1993, as amended, MEGAN L. KILEY, MEGAN L. KILEY and L. DAVID KILEY, Trustees of the MEGAN L. KILEY TRUST dated April 1, 1997, MICHAEL KILEY, KELLEE KILEY, and MICHAEL P. KILEY AND KELLEE KILEY, Trustees under the MICHAEL P. KILEY and KELLEE KILEY LIVING TRUST INSTRUMENT Dated June 10, 2005, DOES 1 through 10, inclusive,<br><br>                Defendants. | Case No. 3:12-cv-00245-RCJ-WGC<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff alleges:

## **THE PARTIES**

1.      Plaintiff, Eagle SPE NV I, Inc. is a North Carolina corporation with its principal place of business in North Carolina.

2.      Plaintiff is qualified as a foreign corporation to transact business in Nevada.

///

1

3. On information and belief, defendant, Kiley Ranch Communities is a Nevada corporation and is hereinafter at times referred to as "Borrower."

4. On information and belief, defendant, Matthew N. Kiley, individually, and as Trustee of the Matthew N. Kiley Trust dated April 1, 1993, as amended is a resident of Washoe County, Nevada and is hereinafter at times referred to as "Guarantor."

5. On information and belief, defendant, L. David Kiley, as Trustee of the Matthew N. Kiley Trust dated April 1, 1993, as amended, is a resident of Washoe County, Nevada and is hereinafter at times referred to as "Guarantor."

6. On information and belief, defendant Megan L. Kiley, individually, and as Trustee of the Megan L. Kiley Trust, dated April 1, 1997 is a resident of Washoe County, Nevada and is hereinafter at times referred to as "Guarantor."

7. On information and belief, defendant L. David Kiley as Trustee of the Megan L. Kiley Trust, dated April 1, 1997 is a resident of Washoe County, Nevada and is hereinafter at times referred to as "Guarantor."

8. On information and belief, defendant Michael Kiley, individually, and as Trustee of the Michael P. Kiley and Kellee Kiley Living Trust Instrument dated June 10, 2005 is a resident of Washoe County, Nevada and is hereafter at times referred to as "Guarantor."

9. On information and belief, defendant Kellee Kiley, individually, and as Trustee of the Michael P. Kiley and Kellee Kiley Living Trust Instrument dated June 10, 2005 is a resident of Washoe County, Nevada and is hereafter at times referred to as "Guarantor."

10. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of the fictitious defendants sued herein. Plaintiff is informd and believes, and thereon alleges, that each such fictitious defendant was in some way responsible for, participated in or contributed to the matters and things of which Plaintiff complains herein, and in some fashion has legal responsibility therefore. When the true names of such fictitious defendants and, as appropriate, the responsibility for, participation in and contribution to the matters and things herein alleged are ascertained by Plaintiff, Plaintiff will seek leave to amend this Complaint to assert the same.

2

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this case pursuant to Article III, § 2 of the United States Constitution and 28 U.S.C. § 1332 because the Parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.

12. This Court has personal jurisdiction over Defendants because all Defendants reside either in the State of Nevada, are incorporated in the State of Nevada, or are situs in the State of Nevada.

13. Venue is proper in this Court under 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

14. Between April 2007 and February 2008, Colonial Bank and Kiley Ranch Communities ("Kiley Ranch") entered into four separate loan agreements ("the Loans") for $20 million, $2 million, $13 million, and $10 million related to Kiley Ranch's construction of certain real property in Sparks, Nevada, known as Kiley Ranch North ("the Property"). True and correct copies of the $20 million, $2 million, $13 million, and $10 million loan agreements are attached as Exhibits 1, 2, 3, and 4 respectively.

15. Each of the Loans was secured by a deed of trust and evidenced by a separate promissory note which, among other things, provided that the deed to the Property would serve as collateral for the Loans. True and correct copies of the promissory notes evidencing the $20 million, $2 million, $13 million, and $10 million Loans are attached as Exhibits 5, 6, 7, and 8 respectively. True and correct copies of the deed of trust and modifications to the deed of trust evidencing the $20 million, $2 million, $13 million, and $10 million Loans are attached as Exhibits 9, 10, and 11, respectively.

16. In order to induce Colonial Bank to make the loans evidenced by the Notes to Borrower, the Guarantors executed and delivered to Colonial Bank Guarantees, under the terms of which the Guarantors guaranteed the payment of all amounts due under the Notes. True and correct copies of the Guarantees are attached hereto as Exhibits 12, 13, 14, and 15 respectively.

17. Repayment on the Loans was originally due within a year of the execution of each of the Loans. However, Borrower received three extensions on the repayment deadlines

on the $20 million, $2 million, and $13 million Loans and one extension on the $10 million Loan by means of separate loan modifications. Colonial Bank granted the first two sets of three-month extensions on the $20 million, $2 million, and $13 million Loans, and the first and only three-month extension on the $10 million Loan automatically under the terms of the Loan agreements. While it was not contractually required to grant a third three-month extension on the $20 million, $2 million, and $13 million Loans, Colonial Bank nevertheless did so at Borrower's request in the hope that Borrower might be able to use the additional time to repay Colonial Bank. True and correct copies of the loan modifications through which these extensions were granted are attached as Exhibits 16-25.

18. By July 20, 2009, when the last of the four Loans had matured and payment had become overdue, Borrower owed Colonial Bank $41,023,667.99. However, Borrower made no attempt to repay this sum in July 2009 nor has it attempted to pay it since that time.

19. By letter dated September 14, 2009, counsel for BB&T sent a letter to Borrower and the Guarantors demanding full repayment on each of the Loans, all of which had previously matured that July. True and correct copies of the September 14, 2009 demand letters are attached as Exhibits 26-29.

20. Subsequent to January 11, 2007, Colonial Bank, an Alabama banking corporation, became the successor to Colonial Bank through conversion from a national banking association to a state-chartered bank.

21. On or about August 14, 2009, Colonial Bank was closed by the State Banking Department of the State of Alabama and the Federal Deposit Insurance Corporation, an agency of the United States government (the "FDIC"), was named receiver in order to liquidate and distribute the assets of Colonial Bank.

22. On August 14, 2009, The Superintendent of Colonial Bank appointed the FDIC as receiver of Colonial Bank in order to liquidate and distribute its assets. On the same date, the FDIC transferred all of its rights to the Loans to BB&T. An Assignment of Security Instruments, Notes and Other Loan Documents was recorded on November 3, 2009, as Document No. 3817688, Official Records, Washoe County, Nevada. A true and correct copy

4

of the Assignment is attached as Exhibit 30.

23. Consequently, BB&T became the successor in interest and holder of the Notes, the mortgagee under the Mortgage, and the owner of all of the other documents evidencing, securing, guarantying or otherwise or relating to the Notes.

24. Borrower and the Guarantors have failed and refused to cure the default in payment under the Note.

25. On March 2, 2010, BB&T executed a Notice of Default And Election To Sell in connection with the Deeds of Trust which was recorded on March 4, 2010, Official Records, Washoe County, Nevada, as Document No. 3856064. Copies of the Notice of Default were mailed to the Borrower and the Guarantors in accordance with the requirements of applicable law. A true and correct copy of the Notice of Default is attached hereto as Exhibit 31.

26. On July 15, 2010, pursuant to the requirements of applicable law, Western Title Company, LLC as Trustee under the Deed of Trust, caused to be recorded a Notice of Trustee's Sale (the "Notice of Trustee's Sale") which gave notice of the time and location of a trustee's sale of the Property for August 12, 2010, at 2:00 p.m. Western Title Company LLC caused copies of the Notice of Trustee's Sale to be published, posted and mailed in accordance with the requirements of applicable law. A true and correct copy of the Washoe County Notice of Trustee's Sale which was recorded on July 15, 2010, as Document No. 3901701, Official Records, Washoe County, Nevada, and is attached hereto as Exhibit 32.

27. On August 6, 2010, BB&T assigned all of its right, title and interest in, to and under the Note, Deed of Trust, Guaranties, and all other loan documents thereto to its subsidiary, Eagle SPE NV I, Inc., a North Carolina corporation ("Plaintiff"). Plaintiff therefore acquired all rights under the loan documents relating to the Loan and this litigation. See Assignment of Deed of Trust which was recorded on August 9, 2010, as Document No. 3909905, Official Records, Washoe County, Nevada. A copy of the Assignment is attached hereto as Exhibit 33.

28. On November 8, 2011 at 2:00 p.m., the Property was sold at non-judicial trustee's sale to a third party for the amount of $9,800,000.00 in partial satisfaction of the Notes

secured by the Deeds of Trust.  A true and correct copy of the Trustee's Deed (the Trustee's Deed") conveying title to the Property to Rising Tides LLC dated November 9, 2011, and recorded on November 9, 2011, as Document No.4057397, Official Records, Washoe County, Nevada, is attached hereto as Exhibit 34.

29. On November 8, 2011, the date of the trustee's sale of the Property, the amount of the indebtedness remaining unpaid under the Notes included the following amounts:

| Amounts Due | $20 million note | $2 million note | $13 million note | $10 million loan |
|---|---|---|---|---|
| Principal | $20,000,000.00 | $2,000,000.00 | $12,021,268.73 | $7,002,399.13 |
| Accrued interest | $1,498,850.44 | $155,819.42 | $913,783.40 | $541,691.64 |
| Late charges | $25,741.12 | $2,744.43 | $19,970.07 | $8,657.09 |
| Miscellaneous expenses | $188,657.01 | -0- | -0- | $1,103,326.12 |
| Total indebtedness: | $21,713,248.57 | $2,158,563.85 | $12,955,022.20 | $8,656,073.98 |

30. On the date of the trustee's sale of the Property, the fair market value of the Property was approximately $10.5 million.

31. Following the trustee's sale of the Property, a deficiency remains under the Notes in the approximate aggregate amount of $35,682,908.60.

32. As a result of the action of Defendants, BB&T has been required to retain the services of Holland & Hart LLP and is entitled to a reasonable award of attorney's fees therefor.

## FIRST CLAIM FOR RELIEF

(Deficiency)

33. BB&T incorporates by this reference all allegations set forth in paragraphs 1 through 32 as if they were fully set forth herein.

34. BB&T is entitled, under NRS 40.451 et seq., to the difference between the total indebtedness and the greater of  (a) the aggregate fair market value of the Property as of the date of the trustee's sale, or (b) the amount for which the Property was sold at the trustee's sale, as a deficiency judgment against the Borrower and Guarantors.

35. The deficiency, which is owed by the Borrower, is in excess of $75,000.00.

/ / /

/ / /

6

## SECOND CLAIM FOR RELIEF

(Breach of Guaranty – Guarantors)

36. Plaintiff incorporates by this reference all allegations set forth in paragraphs 1 through 35 as if they were fully set forth herein.

37. The Borrower defaulted on its obligations under the Notes by failing to pay all amounts due when they matured in July, 2009.

38. As a result of the Borrower's default, the Guarantors are liable for payment of the difference between the Total Indebtedness and the greater of (a) the aggregate fair market value of the Property as of the date of the trustee's sales, or (b) the aggregate amount for which the Property was sold at the trustee's sales, in accordance with the terms of the Guarantee and applicable law.

39. The Guarantors have failed to pay Plaintiff although each Defendant has been notified of his, her or its obligations resulting from the Borrower's default.

40. As a result of the Guarantors' failure to fulfill their obligations under the Guarantees, Plaintiff has been damaged in an amount in excess of $75,000.00.

## THIRD CLAIM FOR RELIEF

(Breach of the Covenant of Good Faith and Fair Dealing)

41. Plaintiff realleges paragraphs 1 through 40, as though stated fully herein.

42. The Guarantees contain an implied covenant of good faith and fair dealing and the Guarantors triggered this covenant upon the execution of the Guarantee.

43. Subsequent to the execution of the Guarantee, the Guarantors have acted unfaithfully to the purpose of the Guarantee by failing to comply with the terms and obligations of the Guarantee.

44. As a result of the actions conducted by the Guarantors, BB&T's justified expectations of the Guarantee have been denied.

45. As a result of the Guarantors' actions, BB&T has been damaged in an amount in excess of $75,000.00.

/ / /

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511

WHEREFORE, BB&T respectfully requests judgment against Defendants, jointly and severally, as follows:

1. For an award of damages in an amount in excess of $75,000.00;

2. For costs of suit and reasonable attorney's fees; and

3. For such other and further relief as the Court deems just, proper, and equitable.

DATED this 7th day of June, 2012.

      /s/ Jeremy J. Nork, Esq.
Jeremy J. Nork, Esq. (SBN 4017)
Frank Z. LaForge (SBN 12246)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone: (775) 327-3000
Facsimile: (775) 786-6179

Attorneys for Plaintiff Eagle SPE NV I, Inc.

**EXHIBIT LIST**

| Exh. # | Description | # of Pages |
|---|---|---|
| 1 | April 13, 2007 Revolving Line of Credit Construction Loan Agreement in the amount of Twenty Million Dollars ($20,000,000.00) | 50 |
| 2 | April 13, 2007 Revolving Line of Credit Loan Agreement in the amount of Two Million Dollars ($2,000,000.00) | 27 |
| 3 | April 27, 2007 Revolving Line of Credit Construction Loan Agreement in the amount of Thirteen Million Dollars ($13,000,000.00) | 50 |
| 4 | February 28, 2008 Revolving Line of Credit Construction Loan Agreement in the amount of Ten Million Dollars ($10,000,000.00) | 42 |
| 5 | April 13, 2007 Promissory Note in the amount of Twenty Million Dollars ($20,000,000.00) | 4 |
| 6 | April 13, 2007 Promissory Note in the amount of Two Million Dollars ($2,000,000.00) | 4 |
| 7 | April 27, 2007 Promissory Note in the amount of Thirteen Million Dollars ($13,000,000.00) | 4 |
| 8 | February 28, 2008 Promissory Note in the amount of Ten Million Dollars ($10,000,000.00) | 4 |
| 9 | Deed of Trust | 38 |
| 10 | Modification to Deed of Trust dated April 27, 2007 | 14 |
| 11 | Modification to Deed of Trust dated February 29, 2008 | 25 |
| 12 | Guarantee ($20,000,000.00) | 17 |
| 13 | Guarantee ($2,000,000.00) | 15 |
| 14 | Guarantee ($13,000,000.00) | 17 |
| 15 | Guarantee ($10,000,000.00) | 16 |
| 16 | December 30, 2008 Loan Modification Agreement ($20,000,000.00) | 5 |
| 17 | December 30, 2008 Loan Modification Agreement ($2,000,000.00) | 5 |
| 18 | December 30, 2008 Loan Modification Agreement ($13,000,000.00) | 5 |
| 19 | March 2, 2009 Loan Modification Agreement ($20,000,000.00) | 5 |
| 20 | March 2, 2009 Loan Modification Agreement ($2,000,000.00) | 5 |
| 21 | March 2, 2009 Loan Modification Agreement ($13,000,000.00) | 5 |
| 22 | June 26, 2009 Loan Modification Agreement ($20,000,000.00) | 5 |
| 23 | June 26, 2009 Loan Modification Agreement ($2,000,000.00) | 5 |
| 24 | June 26, 2009 Loan Modification Agreement $13,000,000.00) | 5 |
| 25 | June 26, 2009 Loan Modification Agreement ($10,000,000.00) | 5 |
| 26 | September 14, 2009 demand letter ($20,000,000.00) | 3 |
| 27 | September 14, 2009 demand letter ($2,000,000.00) | 3 |
| 28 | September 14, 2009 demand letter ($13,000,000.00) | 3 |
| 29 | September 14, 2009 demand letter ($10,000,000.00) | 3 |
| 30 | Assignment of Security Instruments and Other Loan Documents | 7 |
| 31 | Recorded Notice of Default and Election to Sell | 4 |
| 32 | Notice of Trustee's Sale | 39 |
| 33 | Assignment of Deed of Trust | 3 |
| 34 | Trustee's Deed | 40 |

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511